IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARRY C. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-453-PRW |
| ) | |
| CAPITAL ONE FINANCIAL ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff filed a motion to remand (Dkt. 6) arguing that no federal question jurisdiction exists because his gross negligence claim against Defendant is not preempted by the Fair Credit Reporting Act.[1] Defendant disagrees, arguing that Plaintiff's motion is based on arguments not raised in the Petition and cites no controlling authority.[2] For the reasons outlined below, the Court finds that it lacks jurisdiction and this case must be remanded to the Canadian County District Court.

*Background*

Plaintiff originally brought this action in state court against Defendant. In his Petition, Plaintiff asserts Defendant was grossly negligent in its handling of the closure and charge-off of Plaintiff's business credit card account, a card he was required to personally guarantee.[3] Plaintiff

---

[1] 15 U.S.C. §§ 1681 *et seq*. "The purpose of FCRA is to ensure accuracy and fairness in credit reporting and to require that such reporting is confidential, accurate, relevant, and proper." *Matthiesen v. Banc One Mortg. Corp.*, 173 F.3d 1242, 1245 (10th Cir. 1999).

[2] Def.'s Resp. in Opp. to Pl.'s Mot. to Remand (Dkt. 11).

[3] Petition (Dkt. 1-2).

1

decided to close the account prior to selling his interest in the business in late 2017.[4] Over eleven months later, Plaintiff was notified that a loan application he submitted was declined due to his credit.[5] Plaintiff obtained a copy of his credit and discovered Defendant reported a charge-off of $4,990 on the account he previously guaranteed.[6] According to Plaintiff, Defendant reported this charge-off without notifying Plaintiff of the balance despite having his home address, cell phone number, and email address.[7] Unsurprisingly, the reported charge-off damaged Plaintiff's credit rating.[8]

Defendant removed this case from state court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.[9] Defendant asserts Plaintiff's claim of gross negligence is based on alleged incorrect credit reporting, which is governed solely by the FCRA.[10] More specifically, Defendant explains:

> Plaintiff's sole claim of "gross negligence" is based on the allegation that he was denied a home loan due to Capital One Bank's reporting of the status of his Capital One Spark Business Account ("Account") as charged off, which purportedly resulted in a drop in his credit score. *See* Pet. at ¶5-7. According to the Petition, "Capital One's failure to warn [Plaintiff] before charging off the $4,990 and reporting it to the various credit agencies caused immediate and continuing damages to his credit reputation and stigmatized his ability to obtain credit." *See id*. at ¶8. As a result, Plaintiff alleges he is entitled to recovery of "the value of the credit damage measurement of Plaintiff's special injury." *See id*. at p.4.[11]

---

[4] *Id*. at 2.

[5] *Id*.

[6] *Id*.

[7] *Id*.

[8] *Id*. at 3.

[9] Notice of Removal (Dkt. 1) at 2.

[10] *Id*. at 2–4.

[11] *Id*. at 3.

In Plaintiff's view, his gross negligence claim does not come within the purview of the FCRA because his claim does not seek to impose liability upon Defendant for reporting false information or failing to correct disputed information on a credit report, but instead for "Defendant's mishandling of the closure and charge-off of Plaintiff's business credit card account . . . prior to and separate from any later reporting of said mishandling on Plaintiff's credit report."[12] Put simply, says Plaintiff, "Defendant's credit reporting was not negligent, Defendant's mishandling of the Account was."[13]

*Analysis*

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[14] The burden rests on the removing party invoking the court's jurisdiction to demonstrate that the action was properly removed.[15] "Where there is any substantial doubt concerning jurisdiction of the federal court on removal, the case should be remanded and jurisdiction should be retained only where it is clear."[16] Federal jurisdiction is limited, so there is a presumption against removal jurisdiction.[17]

The face of the Petition does not assert a federal claim or reference federal law. Defendant argues, however, that Plaintiff's claim of gross negligence is based on alleged incorrect credit reporting, which is governed solely by the FCRA.[18] But this misconstrues what Plaintiff's claim

---

[12] Mot. to Remand (Dkt. 6) at 2 (emphasis removed).

[13] *Id*. at 6 (emphasis removed).

[14] 28 U.S.C. § 1447(c).

[15] *Town of Freedom, Okl. v. Muskogee Bridge Co*., 466 F. Supp. 75, 77 (W.D. Okla. 1978).

[16] *Id*.

[17] *See Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013).

[18] Notice of Removal (Dkt. 1) at 2-4.

is about: Defendant's alleged negligent acts prior to reporting the charge-off to a credit reporting agency. § 1681h of the FCRA reads in relevant part:

> . . . [N]o consumer may bring any action or proceeding in the nature of . . . negligence *with respect to the reporting of information* against . . . any person who furnishes information to a consumer reporting agency . . . .[19]

Plaintiff does not allege that Defendant negligently reported inaccurate information or failed to correct disputed information. The information reported by Defendant did lead to damage to Plaintiff's credit, but Plaintiff does not take issue with the accuracy of that reported information here. His negligence claim is therefore not related to the reporting of information. To find that Plaintiff's gross negligence claim is preempted by the FCRA because a negligently handled charge-off was later accurately reported to a credit agency stretches the reach of the FCRA too far. Just because a claim involves a credit report does not mean it is necessarily preempted by the FCRA.[20] The facts presented here are not enough to overcome the presumption against removal jurisdiction.

*Conclusion*

Plaintiff's Motion to Remand (Dkt. 6) is accordingly **GRANTED** and this case is **REMANDED** to the Canadian County District Court.

---

[19] 15 U.S.C. § 1681h(e) (emphasis added).

[20] *See Ramos v. Wells Fargo Bank, N.A.*, No. CV3160880FLWLHG, 2016 WL 6434423, at *9 (D.N.J. Oct. 31, 2016) (unpublished) ("[T]he FCRA prohibits state law claims made against furnishers of information only to the extent that the state law claims relate to the responsibilities of a furnisher of information in reporting information to a credit reporting agency.") (finding claims based on conduct unrelated to credit reporting responsibilities were not preempted by the FCRA).

4

**IT IS SO ORDERED this 24th day of March, 2020.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE